UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YVONNE DEJESUS, | Case No. 2:25-cv-00815-CDS-EJY |
| Plaintiff, | |
| v. | ORDER<br>AND<br>REPORT AND RECOMMENDATION |
| UNITED HEALTHCARE GROUP, | |
| Defendant. | |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 2, 2-1. Plaintiff's IFP is complete and granted below. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed as to United Healthcare without prejudice. To the extent Plaintiff seeks to bring claims against Jennifer Quesenberry, the Court recommends dismissal with prejudice.

**I.     Screening Standard**

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    Discussion**

Plaintiff asserts two claims under Title VII of the 1964 Civil Rights Act: (1) race discrimination arising from an alleged wrongful termination; and (2) retaliation. ECF No. 2-1 at 8-9. As an initial matter, while Plaintiff appears to have exhausted an administrative claim alleging race discrimination, Plaintiff's Complaint and attachments thereto fail to demonstrate she exhausted a claim alleging retaliation. *See* ECF No. 2-1, *generally*. The Court further notes that to the extent Plaintiff may intend to assert a claim under the Americans with Disabilities Act ("ADA"), she also fails to demonstrate exhaustion. *Id.*[1]

"Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under … Title VII" and the ADA. *Ramirez v. Kingman Hosp. Inc.*, 374 F.Supp. 3d 832, 854 (D. Ariz. 2019) (citation omitted); *Rosseter v. Industrial Light & Magic*, Case No. C 08-04545 WHA, 2009 WL 764496, at *1 (N.D. Cal. Mar. 20, 2009); 42 U.S.C. § 12117(a) (establishing exhaustion under the ADA). In the absence of exhaustion, Plaintiff may not proceed on these claims. The Court dismisses without prejudice and with leave to amend Plaintiff's retaliation and potential ADA claims.

In order to proceed with her race-based claim against United Healthcare, Plaintiff must allege a *prima facie* case of discrimination. To state a *prima facie* case of race discrimination based on termination, Plaintiff must allege: (a) she belongs to a protected class; (b) she was qualified for the

---

[1] If Plaintiff seeks to state a claim under the American with Disabilities Act, in addition to demonstrating exhaustion, she must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual, meaning she can perform the essential functions of her job with or without a reasonable accommodation; and (3) Defendant terminated her because of her disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir.1996). While Plaintiff makes reference to potential disabilities, it is unclear from her Complaint whether she seeks to assert an ADA claim.

job for which she was hired; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *See Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, at *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). While Plaintiff explains that she was terminated, Plaintiff's Complaint fails to set out, in a manner discernable by the Court, that she was qualified for the job for which she was hired or that similarly situated employees not in her protected class received more favorable treatment. ECF No. 2-1 at 17-18, 20-21.

To state a claim for retaliation Plaintiff must allege: (1) she engaged or was engaging in activity protected under Title VII or the ADA, (2) the employer subjected Plaintiff to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action. *Cohen v. Fred Meyer*, 686 F.2d 793, 796 (9th Cir. 1982). A review of Plaintiff's Complaint demonstrate she ties no fact to this asserted claim. ECF No. 2-1 at 9.

Finally, well settled law also establishes there is no individual liability under Title VII or the ADA. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006). Thus, Plaintiff's claims against Jennifer Quesenberry (*see* ECF No. 2-1 at 8) cannot proceed as a matter of law. For this reason, the Court recommends all claims asserted against Ms. Quesenberry be dismissed with prejudice.

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's race discrimination claim is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's retaliation and potential ADA claim are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement demonstrating Plaintiff's Charge of Discrimination included a retaliation claim and, if she is seeking to assert a claim under the ADA, a claim alleging disability discrimination. That

is, Plaintiff's amended complaint must state facts demonstrating she exhausted her administrative remedies and received a right to sue that included these two claims. Plaintiff's amended complaint must also contain a short and plain statement of facts supporting the elements of a race and disability discrimination, as well as retaliation.

Plaintiff is advised that if she files an amended complaint, the original Complaint (ECF No. 2-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER ORDERED that the amended complaint must be filed no later than **June 3, 2025**.

IT IS FURTHER ORDERED that failure to timely comply with this Order may result in a recommendation to dismiss Plaintiff's case in its entirety.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims, to the extent asserted against Jennifer Quesenberry, be dismissed with prejudice because there is no individual liability under Title VII or the ADA.

Dated this 13th day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).