UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Yvonne DeJesus,<br><br>          Plaintiff<br><br>v.<br><br>UnitedHealth Group, et al.,<br><br>          Defendants | Case No. 2:25-cv-00815-CDS-EJY<br><br>**Order Overruling Plaintiff's Objection, Adopting in Part and Deferring Ruling on the Magistrate Judge's Reports and Recommendations**<br><br>[ECF Nos. 5, 6, 8] |

Plaintiff Yvonne DeJesus brings this discrimination and wrongful termination lawsuit against her former employer UnitedHealth Group and her supervisor, Jennifer Quesenberry. Compl., ECF No. 2-1. Because DeJesus applied to proceed *in forma pauperis*, United States Magistrate Judge Elayna Youchah screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). Order, ECF No. 5. Therein, she dismissed DeJesus's race discrimination, retaliation, and potential Americans with Disabilities Act (ADA) claims without prejudice and with leave to amend. *Id.* at 3. DeJesus was given until June 3, 2025, to file an amended complaint curing the deficiencies identified in Judge Youchah's order. *Id.* That same screening order included a recommendation that I dismiss with prejudice DeJesus's claims against Quesenberry because there is no individual liability under Title VII or the ADA. *Id.* at 4. DeJesus had until May 27, 2025, to file an objection to the magistrate judge's recommendation of Quesenberry's dismissal. *Id.* (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); see also 28 U.S.C. § 636(b)(1)(C) (same). DeJesus did not file any objections, nor did she file an amended complaint, so Judge Youchah issued a second report and recommendation (R&R) that DeJesus's case be dismissed for failure to comply with the court's order. R&R, ECF No. 6. The following day, DeJesus filed an "exhibit" to her complaint. ECF No. 7. The deadline for DeJesus to object to the latest recommendation of dismissal was June 23, 2025. ECF No. 6.

1    On June 27, 2025, DeJesus filed her untimely objection to both R&Rs. Obj., ECF No. 8. Although her objection is untimely, in the interest of justice, I consider it here. DeJesus's objection does not meaningfully call into question the magistrate judge's reasoning or findings. Rather, DeJesus asserts that she "did not understand what [she] needed to do" and therefore requests additional time to comply because she does not "have the ability to communicate via electronic communication." *Id.* at 1–3. The remainder of DeJesus's objection is merely a rehash of the claims asserted in her complaint. Nonetheless, given that Judge Youchah allowed DeJesus an opportunity to amend her complaint, and because she is proceeding pro se, I am willing to provide a brief extension of time for DeJesus to comply.

I.    Discussion

In her first R&R, Judge Youchah recommends that DeJesus's claims against Quesenberry be dismissed with prejudice because they fail as a matter of law as there is no individual liability under Title VII or the ADA. R&R, ECF No. 5 at 3 (citing *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993). Based on the Ninth Circuit's reasoning in *Miller*, I am persuaded that individuals who do not meet the statutory definition of "employer" cannot be liable under the ADA. 991 F.2d at 587.  Further, the court's ruling in *Padway v. Palches* notes that "42 U.S.C. § 2000e-2 speaks of unlawful practices by the employer, and not of unlawful practices by officers or employees of the employer." 665 F.2d 965, 968 (9th Cir. 1982). I find no flaw in the magistrate judge's conclusion. I therefore overrule DeJesus's objection and accept Judge Youchah's recommendation that I dismiss the claims against Quesenberry with prejudice. However, because I am allowing DeJesus an opportunity to amend, I defer ruling on the magistrate judge's second R&R and do not dismiss at this time.

II.     Conclusion

IT IS HEREBY ORDERED that DeJesus's objection **[ECF No. 8] is overruled**, and the magistrate judge's report and recommendation **[ECF No. 5] is accepted and adopted in its entirety**.

IT IS FURTHER ORDERED that I defer ruling on the magistrate judge's second report and recommendation [ECF No. 6].

IT IS FURTHER ORDERED that if DeJesus chooses to file an amended complaint it must be filed by **July 30, 2025**. As outlined in Judge Youchah's order, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement demonstrating her charge of discrimination included a retaliation claim and, if she is seeking to assert a claim under the ADA, a claim alleging disability discrimination. DeJesus's amended complaint must state facts demonstrating she exhausted her administrative remedies and received a right to sue that included these two claims. DeJesus's amended complaint must also contain a short and plain statement of facts supporting the elements of a race and disability discrimination, as well as retaliation.

DeJesus is advised that if she files an amended complaint, the original complaint (ECF No. 2-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make the plaintiff's amended complaint complete. This means the amended complaint must contain all claims and factual allegations that DeJesus wishes to pursue in this action, including any attachments she wants to include as part of the amended complaint.

Because Quesenberry has been dismissed with prejudice, DeJesus may not re-allege any Title VII or ADA claims against that individual.

If DeJesus fails to comply with this order, or if DeJesus elects not to file an amended complaint, the court will adopt the recommendation to dismiss this case with no further notice.

Dated: July 3, 2025

_____
Cristina D. Silva
United States District Judge