UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

YVONNE DEJESUS,

    Plaintiff,

    v.

UNITED HEALTHCARE GROUP,

    Defendant.

Case No. 2:25-cv-00815-CDS-EJY

**ORDER**

    Pending before the Court are Plaintiff's Motion to Amend and First Amended Complaint. ECF Nos. 10, 10-1. The Court's prior screening Order granted Plaintiff leave to amend; thus, Plaintiff need not have filed a motion. ECF No. 9. Nevertheless, the Motion is granted and the First Amended Complaint ("FAC") is screened below.

**I.    Screening Standard**

    When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

    In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    Discussion**

Plaintiff's FAC asserts four claims including race discrimination, a violation of the Americans with Disabilities Act ("ADA"), and retaliation for engaging in protected activity under the ADA and Title VII of the 1964 Civil Rights Act. Plaintiff provides the Court with her Right-to-Sue letter dated February 13, 2025. ECF No. 10-1 at 5. Plaintiff initiated this action on May 9, 2025, which is less than 90 days after receiving her Right-to-Sue. Thus, facially, Plaintiff's claim was timely filed.

   A.    <u>Race Discrimination and Retaliation Under Title VII</u>.

Despite not filing her Charge of Discrimination with the Court, Plaintiff alleges her Charge included claims of race discrimination and retaliation based on her race discrimination complaints. The Court accepts these factual allegations as true. *Wyler*, 135 F.3d at 661.

In order to proceed with her race-based claim against United Healthcare, Plaintiff must allege a *prima facie* case of discrimination. To state a *prima facie* case of race discrimination Plaintiff must allege: (a) she belongs to a protected class; (b) she was qualified for the job for which she was hired; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Shepard v. Marathon Staffing, Inc.*, Case No. 2:13-cv-02261-JCM-PAL, 2014 WL 2527149, at *2 (D. Nev. June 4, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). To state a claim for retaliation under Title VII, Plaintiff must demonstrate that: (1) she "engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment decision." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008).

In determining whether Plaintiff states race discrimination and retaliation claims, the Court reviewed the attachments to her FAC, which the Court treats as incorporated into the amended

complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may …, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint …."). Those attachments include Plaintiff's identification as Afro-Latina, and an allegation that she is labeled as Black in the United States. Plaintiff states she was "consistently treated … differently" than coworkers who were "of other racial backgrounds." ECF No. 10-1 at 23. Plaintiff says she was repeatedly assigned tasks outside her job description and that those assignments "required significantly more effort and time than those given to … [her] non-Black colleagues." *Id*. Plaintiff also says her work was scrutinized excessively and criticized for minor errors while her non-Black peers were held to lesser standards. *Id*. Plaintiff alleges she was excluded from training opportunities and subject to racially derogatory remarks. *Id*. Plaintiff also alleges she raised these issues with the director of her department, but her complaint resulted in increased harassment and unjustified discipline that ultimately led to her termination. *Id*. at 24.

The Court finds Plaintiff's allegations plead necessary and sufficient facts to establish *prima facie* claims of race discrimination and retaliation under Title VII. Thus, the Court finds these claims may proceed against United Healthcare.

    B.  <u>ADA Discrimination, Retaliation, and Failure to Accommodate</u>.

Plaintiff alleges she suffers from a disability (dyslexia) that affects her reading and processing of information. Plaintiff, who was a remote worker, states she had significant and repeated problems with her equipment that prevented her from timely logging on and kept her from performing work. Plaintiff says she contacted a "department director to report the lack of [technical] support and clarify … how her attendance record was being mischaracterized." *Id*. at 4.

To state a *prima facie* claim of disability discrimination under the ADA, a plaintiff must allege facts that plausibly show: "(1) [she] is a disabled person within the meaning of the [ADA]; (2) [she] is a qualified individual with a disability; and (3) [she] suffered an adverse employment action because of [her] disability." *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). Here, Plaintiff alleges a disability within the meaning of the ADA and offers just enough facts to state, *prima facie*, she was qualified for her position. However, Plaintiff pleads no facts evidencing she suffered an adverse employment action because of her disability. Instead, Plaintiff's

1 allegations detail (1) all of the difficulty she was having with equipment, (2) that on one occasion she suffered a migraine headache, and (3) facts regarding her race and comparators (ECF No. 10-1 at 11-24). Nowhere in Plaintiff's FAC does she allege any facts tying her dyslexia to suffering some adverse employment action or being treated differently than others who were not disabled. *Id.* In the absence of these key facts, Plaintiff does not state a claim of discrimination based on disability.

Further, while Plaintiff states in a single sentence that she "requested accommodations, but no reasonable accommodations were provided" (*id*. at 2), this conclusory statement is insufficient to state a failure to accommodate claim under the ADA. To state a plausible failure to accommodate claim under the ADA, Plaintiff must allege: (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of her job with reasonable accommodation; (3) she requested an accommodation; (4) defendant knew of the requested accommodation; and (5) defendant failed to reasonably accommodate her disability. *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Iwaniszek v. Pride Transport, Inc.*, Case No. 2:17-cv-02918-JCM-BNW, 2021 WL 634991, at *3 (D. Nev. Feb. 17, 2021). While, as stated above, Plaintiff alleges that she suffers from a disability, she does not plead that she needed an accommodation to perform essential functions of her job. Nor does Plaintiff plead any facts reasonably supporting the conclusion that her employer knew of a request for an accommodation and failed to provide one. The single conclusory sentence offered by Plaintiff is insufficient to state a failure to accommodate claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. In fact, even construing Plaintiff's FAC liberally, she fails to allege sufficient facts to allow the Court to reasonably infer that she was denied a reasonable accommodation.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint must be filed on the docket. The Clerk of Court must separate ECF No. 10-1 from ECF No. 10 and file the same as Plaintiff's First Amended Complaint.

IT IS FURTHER ORDERED that Plaintiff's claims of race discrimination and retaliation against United Healthcare are allowed to proceed.

1    IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff **one** USM-285 form, which Plaintiff **must** complete to the best of her ability and return to the U.S. Marshal Service no later than **August 26, 2025**, at the following address:

>   Gary G. Schofield
>   U.S. Marshal, District of Nevada
>   Lloyd D. George Federal Courthouse
>   333 Las Vegas Blvd. S., Suite 2058
>   Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for the identity and address for United Healthcare Group's registered agent upon whom service of her Amended Complaint should be made.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for United Healthcare Group and deliver the summons, together with one copy of Plaintiff's Amended Complaint and one copy of this Order to the U.S. Marshal Service for service on Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt service no later than twenty-one (21) days after receipt of the USM-285 from Plaintiff and documents from the Clerk of Court.

IT IS FURTHER ORDERED that Plaintiff's claims of discrimination and retaliation under the ADA are DISMISSED without prejudice. If Plaintiff chooses to file an additional amended complaint that complaint must be titled "Second Amended Complaint." However, Plaintiff is not required to file a second amended complaint. If she chooses not to do so, her First Amended Complaint will proceed against United Healthcare Group on her Title VII race discrimination and retaliation claims.

If Plaintiff chooses to file a second amended complaint, the second amended complaint **must** contain **all claims** and **all facts** that support her claims, including those of race discrimination and retaliation based on race because her second amended complaint will completely replace her First Amended Complaint. The First Amended Complaint will no longer have any role in this case and the Court cannot refer back to the content of the First Amended Complaint or its attachments when considering whether Plaintiff states a claim. If Plaintiff files a second amended complaint and fails

5

to include the facts and claims necessary to support a claim she will not be granted the ability to proceed with those claims.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a second amended complaint, thus granting her a third opportunity to state her claims, it **must** be filed no later than **August 29, 2025**. The Court will not recommend Plaintiff be given a fourth opportunity to plead her claims.

IT IS FURTHER ORDERED that the Court's Recommendation at ECF No. 6 is VACATED as moot.

IT IS FURTHER ORDERED that Plaintiff's failure to timely comply with the terms of this Order may result in a recommendation to dismiss this matter in its entirety.

Dated this 6th day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE